Filed 3/3/14  P. v. Quino CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHNNY QUINO,<br><br>    Defendant and Appellant. | B248976<br><br>(Los Angeles County<br>Super. Ct. No. BA397116) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dennis J. Landin and Norm Shapiro, Judges.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

After initiating a traffic stop, officers saw the handle of a gun protruding from the open glove box of a car driven by Johnny Quino. The gun was loaded and officers found more ammunition in the backseat of the car.

An information charged Quino with having a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(1))[1] and engaging in unlawful firearm activity (§ 29820, subd. (b)). The information specially alleged Quino had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). Qunio pleaded not guilty and denied the special allegation.

Prior to trial Quino filed a motion to suppress the handgun and ammunition seized following the car search (§ 1538.5), which the trial court heard and denied. On the day trial was set to begin, Quino waived his rights to a jury trial and entered an open plea to the court of no contest to both counts and admitted he had suffered a prior strike conviction. At the time he entered his plea, Quino was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Defense counsel joined in the waivers of Quino's constitutional rights and stipulated to a factual basis. The trial court expressly found Quino's waivers and plea were voluntary, knowing and intelligent.

The trial court sentenced Quino to two concurrent three-year terms (the upper term) in state prison. The court awarded Quino presentence custody credit of ten days (five actual days and five days of conduct credit). The court ordered Quino to pay a $40 court security fee, a $30 criminal conviction assessment and a $280 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45.

Quino filed a timely notice of appeal in which he checked the preprinted box indicating his appeal was "based on the denial of a motion to suppress evidence." After examination of the record, counsel filed an opening brief in which no issues were raised. On October 18, 2013 we advised Quino he had 30 days within which to personally

---

[1]     Statutory references are to the Penal Code.

2

submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied Quino's counsel has complied fully with his responsibilities and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


SEGAL, J.[*]


---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.